UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | Case No. 0:24cv60194 |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| MARC S. KAUFMAN ) | |
| ) | |
| ) | |
| Defendant. ) | |
| _____) | |

# COMPLAINT

Plaintiff, the United States of America, alleges as follows:

1. The United States brings this suit to obtain a monetary judgment against Marc S. Kaufman ("Kaufman") for (1) unpaid federal income tax assessments for the 2010, 2011, 2013, 2018 and 2021 tax years (collectively "relevant income tax years") and (2) an unpaid trust fund recovery penalty assessments for the tax periods ending December 31, 2019, December 31, 2020, March 31, 2021, June 30, 2021, September 30, 2021, December 31, 2021 and March 31, 2022 (collectively "periods at issue"). As of February 5, 2024, Mr. Kaufman collectively owes the United States $1,015,185.45, plus fees, interest, and penalties that continue to accrue from that date.

## JURISDICTION AND VENUE

2. This action is authorized by the Chief Counsel of the Internal Revenue Service ("IRS"), a delegate of the Secretary of the Treasury, and is brought at the direction of a delegate of the Attorney General of the United States under 26 U.S.C. § 7401.

3. This Court has jurisdiction to hear this action pursuant to 28 U.S.C. §§ 1331 and 1340, as well as 26 U.S.C. § 7402(a).

4. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b)(1) and 1396 because the Defendant resides within this District and the tax liabilities at issue arose in this District.

## COUNT I – REDUCE INCOME TAX LIABILITIES TO JUDGMENT

5. Kaufman has a long history of non-compliance with filing timely federal tax returns and paying federal taxes owed. For example, for the tax years 2006 through 2008, Kaufman accrued and failed to pay a total of $544,157.76, which are not at issue in this case because the period to collect those liabilities has expired.

6. For the relevant income tax years, Kaufman voluntarily filed federal income tax returns. He timely filed his federal income tax returns for 2013and 2021. Kaufman's 2011 return was initially filed on time but was designated as a frivolous return by the IRS. The IRS later reversed the frivolous return designation. Kaufman then amended his 2011 federal tax

returns in July 2013, which was deemed untimely. Kaufman also filed his 2010 and 2018 federal income tax returns after their respective due dates, including all extensions.

7. Kaufman reported tax due on his federal income tax returns for the relevant income tax years, but failed to pay in full the tax reported on his returns.

8. A delegate of the Secretary of the Treasury assessed against Kaufman the income tax reported on his tax returns, on the following dates and in the following amounts:

| TAX YEAR | ASSESSMENT DATES | TAX | INTEREST | PENALTIES |
|---|---|---|---|---|
| 2010 | 09/02/2013 | $100,926.00 | $4,133.44 | $1,187.41^ $10,092.82* $6,504.26** |
| 2011 | 02/10/2014 | $85,841.00 | | |
| | 02/17/2014 | | $23,295.52 | $823.00^ $10,346.40* $4,828.32** |
| 2013 | 11/17/2014 | $66,936.00 | $1,170.01 | $290.00^ $13,717.82* $2,612.92** |
| 2018 | 01/16/2020 | $122,566.00 | $3,623.72 | $2,798.00^ $8,093.52* $4,046.76** |
| 2021 | 11/21/2022 | $23,446.00 | $701.00 | $60.00^ $825.64** |

^Estimated Tax Penalty
*Late Filing Penalty
** Failure to Pay Penalty

3

9. A delegate of the Secretary of the Treasury gave notices of the above-references assessments and made demands for payment on Kaufman.

*The United States' Suit is Timely*

10. Following the assessment of federal taxes, the United States generally has ten years from the assessment date to file suit to collect assessed tax liabilities. 26 U.S.C. § 6502. However, certain actions operate to suspend and extend the statute of limitations on collection. These actions are commonly referred to as tolling events.

11. One such tolling event occurs when the taxpayer requests an Offer in Compromise ("OIC") with the IRS to settle their tax debt for less than the full assessment. When a taxpayer files an OIC, the IRS is prohibited from levying against the taxpayer. As a result, the collection statute is suspended for the time the offer is pending, plus thirty days after the OIC is rejected. 26 U.S.C. § 6331(k)(1).

12. Another tolling event occurs when the taxpayer seeks an Installment Agreement ("IA") request with the IRS. The IA allows the taxpayer to pay the assessed taxes over an extended period of time. When a taxpayer requests an IA, the IRS is prohibited from levying against the taxpayer. And so, the collection statute is suspended for the time that the IA request is pending, plus thirty days. 26 U.S.C. § 6331(k)(2).

13. The United States' claims for 2011, 2013, 2018, and 2021 are timely because this action was brought within ten years of the assessment of those tax liabilities.

14. The United States claim for 2010 is also timely because Kaufman submitted two OICs and an IA request that suspended, and thus extended, the statute of limitations on collection for at least 184 days.

15. On April 10, 2014, Kaufman requested an OIC with the IRS which was rejected on April 24, 2014. Then on March 1, 2021, Kaufman sought another OIC with the IRS which he subsequently withdrew from on July 22, 2021.

16. Kaufman requested an IA on August 9, 2021, which was granted on the same date. The IA was terminated on September 9, 2022.

17. Despite the notices of assessment and demand for payment, Kaufman has refused or neglected to pay all the assessed tax liabilities, or the interest and penalties that have accrued. As of February 5, 2024, Kaufman owes the United States the sum of $493,222.04 plus fees, interest and statutory additions on them as provided by law.

### COUNT II – REDUCE TRUST FUND RECOVERY PENALTY LIABILITY TO JUDGMENT

18. Under 26 U.S.C. § 7501, covered employers are required to withhold federal income and Federal Insurance Contribution Act ("FICA")

taxes (including federal income taxes, unemployment insurance, Social Security, and Medicare) for covered employees. Covered employers withhold employment taxes from their employees' wages and hold them in a trust on behalf of the United States. The employees' withholdings are then periodically deposited with the IRS.

19. Covered employers that have an ongoing obligation to collect employment taxes are generally required to file an Employer's Quarterly Federal Tax Returns (Form 941) form for every period it employs covered employees.

20. Section 6672 of the Internal Revenue Code imposes liability upon (1) responsible persons who (2) willfully fail to collect, truthfully account for, or pay over federal income and FICA taxes withheld from the wages of employees. Liability under 26 U.S.C. § 6672 is commonly known as a Trust Fund Recovery Penalty ("TFRP"). TFRP liability is equal to the amount of federal income and FICA taxes withheld from the wages of employees that were then not paid over to the United States.

21. Kaufman is a responsible person under Section 6672 because he is the co-founder and co-owner of Specialized On-Site Care Management ("On-Site"). During the quarters at issue, Kaufman was the President and Chief Medical Officer of On-Site. He directed and authorized payment of bills,

rent, utilities, and payroll. Kaufman also had access and signature privileges for On-Site's business bank accounts.

22. Kaufman also willfully failed to ensure that the taxes withheld from wages of the employees of On-Site were paid over to the United States. Among other things, Kaufman continued to direct payment of other creditors and receive personal income distributions from On-Site despite knowledge of the outstanding federal tax liabilities. For example, in 2021, On-Site received funds from the Small Business Administration's Paycheck Protection Program. Approximately $180,000 of the funds received from the PPP were deposited into Kaufman's personal bank account and no funds were turned over to the IRS despite Kaufman's obligations to withhold federal taxes from On-Site's employees' paychecks.

23. On March 30, 2022, a delegate of the Secretary of the Treasury notified Kaufman of the proposed TFRP assessment in writing by mail to his last known address as required by 26 U.S.C. § 6672(b)(1) for the tax period ending on December 31, 2019. On December 21, 2022 and January 30, 2023, similar notices were mailed to Kaufman for the six quarters beginning with the quarter ending on December 31, 2020 through March 30, 2022.

24. Of the seven quarters at issue, Kaufman has consented to the assessment and collection of TFRPs for four of the periods. On February 8, 2022, Kaufman consented to the assessment and collection of the TFRPs for

the fourth quarter of 2019 and the first two quarters of 2021. On September 1, 2022, Kaufman consented to the assessment and collection of the TFRP for the first quarter of 2022.

25. On the dates below, a delegate of the Secretary of Treasury issued a notice of these assessments and made demand for payment. The assessments made on the following dates and in the following amounts:

| TAX QUARTER | ASSESSMENT DATES | ASSESSMENTS |
|---|---|---|
| December 31, 2019 | 07/18/2022 | $80,546.06 |
| December 31, 2020 | 05/08/2023 | $249,880.36 |
| March 31, 2021 | 05/08/2023 | $49,606.57 |
| June 30, 2021 | 05/08/2023 | $48,236.59 |
| September 30, 2021 | 05/08/2023 | $45,849.58 |
| December 31, 2021 | 05/08/2023 | $39,910.96 |
| March 31, 2022 | 03/27/2023 | $19,975.22 |

26. Despite the notices of assessment and demand for payment, Kaufman has refused or neglected to pay all the assessed TFRPs, or the interest and penalties that have accrued. As of February 5, 2024, Kaufman owes the United States the sum of $521,963.41 plus interest on them as provided by law.

27. Federal law governs the limitations period during which the government may assess and collect federal taxes. *See* 26 U.S.C. § 6502(a). This action is timely.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff, the United States of America, requests that the Court:

A. Enter judgment in favor of the United States and against Marc Kaufman in the amount of $493,222.04 as of February 5, 2024, for unpaid income taxes, penalties, and interest for the relevant income tax years, plus fees, interest under 26 U.S.C. §§ 6621 and 6622, and all statutory additions that continue to accrue until paid; and

B. Enter judgment in favor of the United States and against Marc Kaufman in the amount $521,963.41 as of February 5, 2024, for the unpaid TFRPs for the quarters ending on December 31, 2019, December 31, 2020, March 31, 2021, June 30, 2021, September 30, 2021, December 31, 2021 and March 31, 2022, plus interest under 26 U.S.C. §§ 6621 and 6622 that continues to accrue until paid; and

C. Grant such other and further relief as it deems just and proper.

Dated: February 5, 2024          Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　DAVID A. HUBBERT
　　　　　　　　　　　　　　　　　　　　Deputy Assistant Attorney General,

    Tax Division

By: /s/ *Nicholas S. Willingham*
   NICHOLAS S. WILLINGHAM
   Special Bar No. A5503138
   D.C. Bar No. 1656972
   U.S. Department of Justice
   Trial Attorney, Tax Division
   P.O. Box 14198
   Washington, D.C. 20044
   Telephone: (202) 307–6445
   Facsimile: (202) 514–4963
   Nicholas.Willingham@usdoj.gov